# LAW OFFICES OF
# J.R. STEVENSON

J.R. Stevenson *Principal*
75 Maiden Lane, Suite 402, New York, NY 10038
tele 212 939 7588   mobi 917 597 7064   fax 212 531 6129   email jrs@jrstevensonlaw.com

February 11, 2016

<u>**VIA ECF FILING**</u>

The Honorable Margo K. Brodie, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6F
Brooklyn, NY 11201

      Re: *LPD New York LLC v. adidas America, Inc. et al.*,
         Index No.: 15-cv-06360(MKB)(RLM)

Dear Judge Brodie:

  Together with the firm Kennedy Lillis Schmidt & English, this office represents Plaintiff LPD New York, LLC ("LPD") in the above-referenced action. In accordance with Your Honor's Individual Practices and Rules, we write in response to the February 4, 2016 letter motion submitted on behalf on Defendant adidas America, Inc. (adidas) requesting a pre-motion conference to discuss a motion for a protective order staying all discovery. We write to oppose the scheduling of any such conference and to correct misrepresentations contained in opposing counsel's letter.

  As an initial matter, and contrary to the representation contained in opposing counsel's letter, LPD is moving for summary judgment on three of its <u>***separate***</u> causes of action, and LPD's defamation claim and the relief sought in LPD's declaratory judgment do not necessarily flow from its contract cause of action.

  With respect to the third party subpoenas issued by LPD, all of the third party subpoenas (which were already issued) involve a limited factual issue and time frame involving adidas's misrepresentation to V Magazine that the LPD x adidas collaboration is "illegitimate." Moreover, the subpoenaed entity (JG Direct Consulting) is really just an individual named Jorge Garcia who writes for V Magazine as an Independent Contractor. As Your Honor will see in more detail after reading LPD's Motion for Partial Summary Judgment, it is indisputable that the LPD x adidas collaboration was legitimate. The collaboration and the co-branding of the merchandise were proposed by adidas. LPD provided adidas with pictures of the co-branded items nearly four months before the publication of the story, and adidas repeatedly advised LPD to go forward with all planned sales and press for the collaboration.

  The limited information sought in the third party subpoenas is not necessary for LPD's Motion for Summary Judgment but is sought solely to rebut any conclusory affidavit adidas might submit in an attempt to avoid summary judgment. LPD has not served any discovery demands on adidas, nor does LPD intend to (until after the Court resolves LPD's Motion for Partial Summary Judgment).

The Honorable Margo K. Brodie
February 11, 2016
Page 2 of 2

  As LPD has not served adidas with any discovery demands, adidas's sole argument for the granting of the stay is in the general interest of judicial economy and efficiency. However, LPD issued the Rule 45 third-party subpoenas precisely to conserve judicial resources and prevent unnecessary legal expenses because the information sought will prevent adidas from avoiding summary judgment. Moreover, if adidas genuinely believes that it is entitled to the relief it seeks in its purported motion to dismiss, then LPD's third party subpoenas should be of no concern to adidas, because adidas is not required to incur any expense as result of LPD's third party subpoenas. On the other hand, the briefing of a motion to stay all discovery will cause adidas and LPD to both incur significant legal expenses.

  Based on the foregoing, we respectfully ask that the Court deny adidas's request to schedule a pre-motion conference and deny the relief requested.

              Respectfully Submitted,

              s/ J.R. Stevenson
                J.R. Stevenson


CC: (via ECF Only) All Counsel