*Kennedy Lillis Schmidt & English*

*75 Maiden Lane*

*New York, N.Y. 10038-4816*

*Telephone: 212-430-0800*

WWW.KLSELAW.COM

John T. Lillis Jr.
JLILLIS@KLSELAW.COM
DIRECT DIAL: 212-430-0801

January 4, 2018

BY ECF
The Honorable Margo K. Brodie
U.S. District Court for Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *LPD New York, LLC v. adidas America, Inc. and adidas AG*
              15-Civ-6360 (MKB) (RLM) | KLSE File: 6003

Dear Judge Brodie:

      We represent Plaintiff LPD New York, LLC ("LPD") in the captioned matter and write to respectfully request permission to file a Fed.R.Civ.P. 15(a) Motion for leave to file an Amended Complaint that – not only asserts claims for "promissory estoppel and other quasi-contractual claims" (as authorized by the Court's adoption of Judge Mann's Report and Recommendation, Docket Entry ("DE") 39, p. 26[1]) – but also supplements the factual allegations in LPD's original Complaint and reasserts claims for breach of contract and declaratory-judgment relief based on those supplemented allegations.

      Leave to file an amended complaint (1) "should be freely give[n] . . . when justice so requires," Fed.R.Civ.P. 15(a); (2) "***should not be denied*** unless [the non-movant[2] proves] . . . undue delay, bad faith, undue prejudice . . . or futility," *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (emphasis added) (citation omitted); and (3) "may be . . . ***granted at any stage of litigation***," including after a motion to dismiss has been granted. *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, 2015 U.S. Dist. LEXIS 88121, *19-20 (S.D.N.Y. July 6, 2015) (emphasis added) (citing 6 Wright, Miller & Kane, Federal Practice & Procedure § 1488 at 755-63

---

[1] See 27 March 2017 and 11 December 2017 Orders, DE 55 and DE 66, respectively.
[2] *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (holding that this is "the nonmovant's" burden).

*Kennedy Lillis Schmidt & English*

January 4, 2018
Page 2

The Honorable Margo K. Brodie

_____

(3d ed. 2010)); see also, e.g., *Steinfield v. Marks*, 1997 U.S. Dist. LEXIS 13569, at *7-8 (S.D.N.Y. Sept. 8, 1997) (refusing to dismiss a previously dismissed claim reasserted in an amended complaint because new factual allegations substantiated the reasserted claim).

    1.    *Granting LPD Leave to Amend Would Not Cause Undue Delay*

The Court has already granted LPD leave to file an Amended Compliant to assert additional claims against Defendants, so granting it further leave to supplement the factual allegations in its original Complaint and reassert claims for breach of contract and declaratory-judgment relief based thereon would not – in itself – cause additional delays here. Further, because LPD's Motion to Amend would be timely (being made, as it would be, "soon after th[is] Court's decision on [LPD's] motion for reconsideration"[3]) and because no document discovery has yet been exchanged, no depositions yet been taken, and no scheduling order yet been issued, granting LPD leave to amend would not require adjustment of pending deadlines nor require the parties to (1) revisit issues already addressed in discovery or (2) re-depose any witnesses. Therefore, granting LPD leave to amend would not cause sufficient delay as would warrant denying its right to amend. *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (explaining that "[m]ere delay . . . does not provide a basis for . . . deny[ing] the right to amend").

    2.    *Defendants Will Not Be Unduly Prejudiced if LPD Is Granted Leave to Amend*

Undue prejudice does not exist when, as here, a plaintiff does not assert new causes of action but, instead, seeks to supplement factual allegations to support ones previously pled. *See Alexandre v. Town of Hempstead*, 275 F.R.D. 94, 98 (E.D.N.Y. 2011); *Steinfield*, *supra*, 1997 U.S. Dist. LEXIS 13569 at *7-8. And even if this were not the case, "there is no undue prejudice when [a] new . . . claim and [an] original . . . claim allege substantively similar forms of liability, thus implicating the same evidence and defenses as the original pleading." *Zorrilla v. Carlson Rests., Inc.*, 255 F.Supp.3d 465, 479 (S.D.N.Y. 2017) (discussing undue prejudice in the relation-back context). That is, leave to assert new claims should be granted if they "relate[] closely to the original claim[s]." *State Teachers*, *supra*, 654 F.2d at 856. This Court has already concluded that LPD's breach-of-contract and declaratory-judgment claims do so relate. 11 December 2017 Order, DE 66, pp. 19-20 (holding that those claims "are 'closely related [to] and stem from essentially the same factual allegations'" as those undergirding LPD's claims that survived Defendants' Motion to Dismiss ("Surviving Claims")). Therefore, because those claims necessarily "implicat[e] the same evidence and defenses," Defendants will suffer no undue prejudice if LPD is allowed to reassert them based on supplemental factual allegations. And this is true even if it could be said that the reintroduction of those claims "would expand the scope of this litigation" because such expansion "does not constitute undue prejudice [when, as here,] no discovery has yet taken place in the case." *Fezzani*, *supra*, 2005 U.S. Dist. LEXIS 3266 at *6-8. However, in reality, the reintroduction of those claims would not "expand the scope of this litigation" nor "require [Defendants] to expend significant additional resources to conduct discovery and prepare

---

[3] *Fezzani v. Bear, Stearns & Co., Inc.*, 2005 U.S. Dist. LEXIS 3266, *6 (S.D.N.Y. Mar. 1, 2005).

*Kennedy Lillis Schmidt & English*

January 4, 2018
Page 3

The Honorable Margo K. Brodie

___

for trial," *Block*, *supra*, 988 F.2d at 350, because this Court has already concluded that, given their "factual overlaps," the resolution of LPD's reasserted and Surviving Claims would not require the parties to undertake "considerably more extensive" discovery. *See* 11 December 2017 Order, DE 66, p. 19 fn. 7 (citation omitted). Therefore, Defendants will not be unduly prejudiced if LPD is granted leave to amend.

       3.    *LPD's Motion to Amend Is Not Motivated by Bad Faith*

Fed.R.Civ.P. pleading requirements do not require plaintiffs to "anticipate potential affirmative defenses . . . and [] affirmatively plead facts in avoidance of such defenses." *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Therefore, LPD's failure to previously allege the supplemental factual allegations that substantiate the reassertion of its breach-of-contract and declaratory-judgment claims does not bar LPD from doing so now. That is, LPD's application to assert those omitted allegations in an Amended Compliant cannot be said to be motivated by bad faith. And this is true even if those allegations are "afterthoughts based on information [previously] in [LPD's] possession" because this alone is "insufficient to establish prejudice or bad faith." *Fezzani*, *supra*, 2005 U.S. Dist. LEXIS 3266 at *6-8 (citing *Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.,* 392 F.2d 380, 385 (2d Cir. 1968) (explaining that "[m]any amendments will be afterthoughts . . . [but this] alone do[es] not support the denial of a motion to amend")).

       4.    *LPD's Proposed Claims Are Not Futile*

An amendment is futile when "the plaintiff can prove no set of facts in support of [its] amended claims," *Pangburn v. Culbertson,* 200 F.3d 65, 71 (2d Cir. 1999) (citations omitted), such that those claims would not survive a Fed.R.Civ.P. 12(b)(6) motion to dismiss. *Lucente v. Int'l Bus. Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Defendants will argue that it is the law-of-the-case that LPD's proposed claims cannot survive a motion to dismiss. This is untrue. The law-of-the-case "doctrine applies merely to the resolution of legal issues; [LPD's] proposed amendments, however, [will] rely on new factual allegations, the sufficiency of which have not [yet] been ruled upon." *Fezzani*, *supra*, 2005 U.S. Dist. LEXIS 3266 at *6-8 (citing *Steinfiel*, *supra*, 1997 U.S. Dist. LEXIS 13569 at *7-8 (holding that law-of-the-case doctrine does not bar a previously dismissed claim reasserted in an amended complaint that includes new factual allegations and holding that those new allegations have to evaluated anew to determine whether they "are sufficient to state a claim"). Therefore, LPD's reasserted breach-of-contract and declaratory-judgment claims cannot be deemed futile as a matter of law because they have already been denied. Instead, their sufficiency will have to be evaluated in light of the supplemented factual allegations contained in LPD's proposed Amended Complaint.

## CONCLUSION

In light of the foregoing, LPD respectfully submits that it should be permitted to file a Motion for Leave to Amend and a fully Amended Complaint and requests that the Court schedule a pre-motion conference to discuss this application or otherwise authorize LPD to file its contemplated Motion and proposed Amended Complaint on or before 19 January 2018. Thank you.

*Kennedy Lillis Schmidt & English*

January 4, 2018
Page 4

The Honorable Margo K. Brodie

_____

                                      Respectfully,

                        KENNEDY LILLIS SCHMIDT & ENGLISH

                        By:          s/ John T. Lillis

                                John T. Lillis, Jr.

CC: All Counsel of Record (via ECF)