

**KILPATRICK TOWNSEND**
ATTORNEYS AT LAW

KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
t 212 775 8700  f 212 775 8800

direct dial 212 775 8733
direct fax 212 775 8816
rpotter@kilpatricktownsend.com

January 12, 2018

**BY ECF**

The Honorable Margo K. Brodie
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *LPD New York v. adidas America, Inc. and adidas* AG,
             Civil Action No. 15-Civ.-6360-MKB-RLM

Dear Judge Brodie:

    This firm represents Defendants adidas America, Inc. and adidas AG (collectively "Defendants") in the foregoing action, and we write pursuant to Your Honor's January 5, 2018 Order and in response to Plaintiff's January 4, 2018 Letter Request for Pre-Motion Conference and Leave to File an Amended Complaint [Dkt. 67] (the "Request").

    Plaintiff's Request is simply another attempt to revive and relitigate claims already twice decided by this Court—first when properly adopting Chief Magistrate Judge Mann's report and recommendation that Plaintiff did not (and, indeed, could not) allege viable claims for breach of contract or trademark abandonment (the "Dismissed Claims"),[1] and again when denying Plaintiff's motion to reconsider that decision.[2]  In spite of the Court's (and Judge Mann's) clear and well-reasoned decisions, Plaintiff now seeks leave to reassert these Dismissed Claims on the basis of alleged "supplement[al] factual allegations." Yet Plaintiff has not even articulated these purported "new" facts, much less explained how they could salvage the Dismissed Claims.

    For the reasons discussed below, Plaintiff's Request must be denied. "Leave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

---

[1] March 27, 2017 Memorandum & Order [Dkt. 55] (the "March 2017 Decision") adopting Chief Magistrate Judge Roanne L. Mann's August 25, 2016 report and recommendation [Dkt. 39] (the "Report and Recommendation").
[2] December 11, 2017 Memorandum & Order [Dkt. 66] (the "December 2017 Decision").

The Honorable Margo K. Brodie
January 12, 2018
Page 2

1. Granting Plaintiff's Request Would Result in Undue Delay

"[W]here considerable time has elapsed between the filing of the complaint and the motion to amend, the moving party has the burden to provide a satisfactory and valid explanation for the delay." *Cartier, Inc. v. Four Star Jewelry Creations, Inc.,* No. 01 Civ. 11295 (CBM), 2004 WL 169746, at *3 (S.D.N.Y. Jan. 28, 2004) (citing *Evans v. Syracuse City School Dist.*, 704 F.2d 44, 46-48 (2d Cir. 1983). Here, Plaintiff's Request comes more than two years after its initial Complaint—and nearly ten months after the March 2017 Decision granting Plaintiff leave to amend *within 30 days* to assert quasi-contract claims—and Plaintiff has failed to offer any explanation whatsoever. Leave to amend is not appropriate after such a delay. *See, e.g., Katz v. Morgenthau*, 892 F.2d 20, 22 (2d Cir. 1989) (denying leave sought "eleven to fifteen months after the various defendants had moved to dismiss, thirteen months after [plaintiff] had filed his first amended complaint, and sixteen months after he had filed his initial complaint"); *Dawson v. Pelican Mgmt., Inc.*, No. 11 CV 1753 (KAM)(LB), 2012 WL 2357308, at *3-4 (E.D.N.Y. June 1, 2012) (denying leave sought, *inter alia*, "over a year after the commencement of the action[] [and] six months after the Court granted plaintiff leave to amend for the first time"); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("[A] district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause[, and] a finding of 'good cause' depends on the diligence of the moving party.").

Moreover, "leave to amend may be denied where the moving party knows or should have known of the facts upon which the proposed amendment is based, but failed to include them in the original pleading." *Coggins v. Cty. of Nassau*, 254 F. Supp. 3d 500, 508 (E.D.N.Y. 2017) (denying motion) (quotation and citation omitted). While Plaintiff has not identified, even in general terms, the purported "new" facts at issue, "[i]nsofar as the proposed claim is not predicated on *facts learned after the pleading stage of the litigation*, the resulting delay is not excusable." *Priestley v. Am. Airlines, Inc.*, No. 89 CIV. 8265 (JMC), 1991 WL 64459, at *2 (S.D.N.Y. Apr. 12, 1991) (emphasis added); *see also Parker*, 204 F.3d at 341 (affirming denial of leave where plaintiff, "[w]hen he commenced this action, . . . had all the information necessary to support a breach of contract claim"). As there has not yet been any discovery in this action, Plaintiff presumably knew or should have known of any factual allegations relevant to the Dismissed Claims when it commenced this action, and thus its delay is not excusable.

2. Defendants Would Be Unduly Prejudiced if Plaintiff's Request is Granted

In this context, prejudice exists when, *inter alia*, the amended pleading would "require the opponent to expend significant additional resources" or "significantly delay resolution of the dispute." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). Here, both of these factors are manifest. Defendants have fully briefed the viability of the Dismissed Claims three times since March of 2016—first, in connection with Defendants' Motion to Dismiss, then with Plaintiff's objection to Judge Mann's Report and Recommendation, and again with Plaintiff's Motion for Reconsideration—and the Court has already twice rejected Plaintiff's arguments in its March and December 2017 Decisions. "[Plaintiff's] belated [R]equest for leave to amend has

The Honorable Margo K. Brodie
January 12, 2018
Page 3

already delayed the case and further delays would result if the amendment were allowed now." *Bay Harbour Mgmt., LLC v. Carothers*, 474 F. Supp. 2d 501, 503 (S.D.N.Y. 2007) (denying leave to amend to add new allegations).

      3. <u>Plaintiff's Request is Motivated by Bad Faith</u>

Plaintiff's Request offers no explanation for its failure to include all relevant factual allegations in its initial Complaint—which included 131 numbered paragraphs across 31 pages [Dkt. 1]—nor for its extensive delay in seeking leave to amend. Accordingly, and because the Court has already disposed of the Dismissed Claims and found no cause to reconsider, Plaintiff's Request is plainly brought in bad faith.[3] *See, e.g., Vine v. Beneficial Fin. Co.*, 374 F.2d 627, 636–37 (2d Cir. 1967) (affirming denial of leave where facts were known to plaintiff from outset and plaintiff awaited outcome of motion to dismiss before seeking leave); *Williams v. Savage*, 569 F. Supp. 2d 99, 107–108 (D.D.C. 2008) (finding bad faith "where a party has ample time to amend a pleading before a court takes dispositive action and fails to do so"); *Groth v. Orkin Exterminating Co.*, 909 F. Supp. 1143, 1149 (C.D. Ill. 1995) ("[Plaintiff]'s claim of newly discovered evidence borders on bad faith. . . . [T]he newly discovered evidence is simply a new spin on information that she clearly knew when she filed this lawsuit or shortly thereafter.").

      4. <u>Plaintiff's Request is Futile</u>

"Leave to amend should be denied as futile where the problem with the claim is substantive and better pleading would not cure it." *Bais Yaakov of Spring Valley v. Alloy, Inc.*, 936 F. Supp. 2d 272, 284 (S.D.N.Y. 2013) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). The Court has twice considered and rejected the substantive viability of the Dismissed Claims and, tellingly, Plaintiff's Request fails even to identify the factual allegations it seeks to add. Plaintiff is plainly unable to resurrect these claims, and its Request is futile.

In light of the above, Defendants respectfully request that the Court deny Plaintiff's Request in its entirety, including its request for a pre-motion conference.

                                                        Respectfully submitted,

                                                         Robert N. Potter

cc: Plaintiff's Counsel (via ECF)

---

[3] Plaintiff cites to *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) for the proposition that "[t]he pleading requirements in the Federal Rules of Civil Procedure [] do not compel a litigant to anticipate potential affirmative defenses . . . and [] affirmatively plead facts in avoidance of such defenses," but Defendants have not yet asserted any affirmative defenses, and *Abbas* did not involve a motion for leave to amend under Rule 15(a).