**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**LPD NEW YORK, LLC,**

                      **Plaintiff,**

                      **MEMORANDUM AND ORDER**

              -against-                      **15-CV-6360 (MKB)**

**ADIDAS AMERICA, INC., et al.,**

                      **Defendants.**
-----------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court is a series of letters from the parties, detailing their myriad discovery disputes: a motion to compel filed on November 6, 2018, by defendants adidas America, Inc. and adidas AG (collectively, "defendants" or "adidas"), see Letter Motion to Compel (Nov. 6, 2018) ("11/6/18 Def. MTC"), Electronic Case Filing ("ECF") Docket Entry ("DE") #88; a letter in opposition thereto filed on November 14, 2018, by plaintiff LDP New York, LLC ("plaintiff" or "LDP"), see Response in Opposition (Nov. 14, 2018) ("11/14/18 Pl. Opp."), DE #90; defendants' November 15th motion to extend discovery for defendants only, including an unauthorized reply on their motion to compel, see Letter in Opposition to ECF 90 (Nov. 15, 2018) ("11/15/18 Def. Extension Mot."), DE #92; plaintiff's November 16th motion to compel ("11/16/18 Pl. MTC"), DE #93; defendants' opposition thereto, see Response in Opposition (Nov. 21, 2018) ("11/21/18 Def. Opp."), DE #99, and a sealed submission, which, in addition to supplying the Court with the documents for *in camera* review, supplements defendants' arguments, see Exhibit in Support of Defendants' Response in

Opposition (Nov. 21, 2018) ("11/21/18 Def. Supp."), DE #100[1]; and LPD's unauthorized Reply in Support of LPD's Motion to Compel (Nov. 26, 2018) ("11/26/18 Pl. Reply"), DE #102.

On November 20, 2018, this Court held a lengthy telephonic hearing on the parties' submissions, heard argument and deferred decision on their discovery motions, and admonished plaintiff and its counsel for having served no discovery demands during the court-authorized period for fact discovery, which had closed on November 16, 2018. See Minute Entry (Nov. 20, 2018) ("11/20/18 Minute Entry"), DE #97.[2] This Memorandum and Order will not repeat all of the Court's analysis and comments expressed during that proceeding; the opinion is intended to set forth the rulings that flow from those discussions, as supplemented herein, as well as to resolve plaintiff's motion to compel, which was not fully submitted until after that proceeding.

## DISCUSSION

### I. Defendants' Motions to Compel, for Sanctions, and to Extend Discovery for Defendants Only

Defendants' motion to compel complains that as of November 6th, plaintiff had yet to respond to defendants' document demands and interrogatories, despite a due date of September 28, 2018; defendants ask that plaintiff be compelled to respond, "with all objections deemed waived save those based on privilege"; that plaintiff be ordered to compensate defendant for

---

[1] On December 5, 2018, the Court unsealed the cover letter to the documents submitted for *in camera* review.

[2] Plaintiff claimed, in an argument rejected by the Court, to have mistakenly believed that discovery had been bifurcated. See 11/14/18 Pl. Opp. at 2.

2

their "reasonable expenses incurred in making the motion, including attorney's fees"; and that fact discovery be reopened for 60 days for defendants only. See 11/6/18 Def. MTC at 1, 3; see also 11/15/18 Def. Extension Mot. In its response of November 14th, plaintiff asserts that it has now completed its document production and has not withheld documents other than those protected by the attorney-client privilege. See 11/14/18 Pl. Opp. at 2. Defendants counter that plaintiff has not shown good cause to reopen discovery for plaintiff's benefit; they also complain that plaintiff's belated discovery responses are deficient, in that LPD's interrogatory responses were not signed and verified and its production of over 59,000 pages of documents does not comply with the ESI production protocol proposed by defendants last February.[3] See 11/15/18 Def. Extension Mot.

A. Reasonable Attorneys' Fees as a Sanction

As the Court made clear during the November 20th hearing, plaintiff's lack of diligence in both providing and conducting discovery will not be countenanced. For that reason, the Court directed defendants to submit a breakdown of the fees sought as a sanction, see 11/20/18 Minute Entry at 1, and defendants have done so, see Bill of Costs (Nov. 21, 2018) ("Bill of Costs"), DE #101. Defendants are demanding a total of $15,949 in attorney's fees claimed to have been incurred in connection with defendants' motion to compel. See id. However, Rule

---

[3] The Court directed plaintiff to comply with the ESI protocol by December 6, 2018. Plaintiff thereafter assured the Court on November 26 that it was "finaliz[ing] arrangements to produce all metadata and other particulars for those already-produced materials." 11/26/18 Pl. Reply at 3.

If it has not already done so, plaintiff must promptly sign and verify its interrogatory responses. See Fed. R. Civ. P. 33(b).

37(a)(5)(A) authorizes the Court, in the circumstances presented here, to require the party that failed to make timely disclosures to pay the movant its "*reasonable* expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). The Court has reviewed defendants' "Bill of Costs" and agrees with plaintiff that defendants' request for nearly $16,000 is excessive, disproportionate to the tasks involved, and includes work that would have been performed (e.g., reviewing plaintiff's document production) even absent defendants' motion to compel. See 11/26/18 Pl. Reply at 3. In addition, the time entries include tasks that are clerical in nature yet billed at a rate of $445 per hour. See Bill of Costs, 11/6/18 HFF entry. That said, plaintiff's proposal that the fee award be limited to $3,920, see 11/26/18 Pl. Reply at 3-4, is unreasonably low. The Court concludes that a reasonable fee award sanction is $7,500.

  B. Reopening of Discovery, With Limitations

As for the parties' competing motions to reopen discovery, this Court would be amply justified in finding that plaintiff had not shown good cause to reopen fact discovery. See generally Fed. R. Civ. P. 16(b)(4). Defendants are not, however, opposing a scheduling modification; on the contrary, they seek to reopen discovery but only for them and not for plaintiff. The issue thus before the Court is whether, if discovery is reopened, LPD should be further penalized for its attorneys' derelictions. In resolving this issue, the Court has considered whether defendants would be unfairly prejudiced by allowing plaintiffs — albeit belatedly – to conduct further fact discovery. The Court concludes that given defendants' request that it be permitted to conduct additional fact discovery, the just and fair result is to

4

allow plaintiff – within limits, as discussed below – to do so as well.

Therefore, the Court is prepared to reopen fact discovery for both sides until February 6, 2019. That said, plaintiff is not entitled to a complete "do-over": plaintiff, without authorization, first served its Interrogatories (DE #94) and Request for Production of Documents (DE #95) on November 19, 2018, after fact discovery had already closed. To require defendants to respond to all of plaintiff's many demands, with the holidays fast approaching and an upcoming (extended) discovery deadline, would be manifestly unfair to defendants as well as the Court, which likely will be asked to field the parties' inevitable discovery disputes.

In the course of the hearing on November 20, 2018, plaintiff's counsel sought to justify LPD's failure to serve formal discovery demands by stating that defendants had agreed that they would produce all emails with or relating to plaintiff; in other words, plaintiff assumed that defendants' production of documents described in their initial disclosures would supply plaintiff with the discovery it needed to prosecute its claims. Given plaintiff's failure to serve its discovery demands until after the close of fact discovery; the expansive nature of those demands, which seek information well beyond that encompassed within defendants' initial disclosures; and the need to streamline the remaining discovery to allow for its completion within the reopened discovery period, this Court exercises its discretion to limit plaintiff's demands as follows: Plaintiff's belated Interrogatories are stricken in their entirety, and plaintiff's request for documents is narrowed to exclude those demands that are unrelated to plaintiff or the "collaboration," including but not limited to contracts with third parties.

5

Plaintiff will be permitted to conduct depositions within the reopened period for fact discovery.

## II. Plaintiff's Motion to Compel

Plaintiff's November 16th motion to compel challenges the sufficiency of defendants' production of emails "with and/or about Plaintiff," as well as defendants' privilege log, and, in addition, seeks the production of five specified documents in unredacted form, as well as the Mann/Gray emails on 3/16/15, which were withheld in their entirety. See 11/16/18 Pl. MTC. Defendants oppose plaintiff's motion, on the grounds that (1) plaintiff failed to meet and confer before filing the motion;[4] (2) defendants satisfied their initial disclosure obligation by describing the category of documents on which they might rely to support their defenses and, absent a timely document request, were not required to produce any documents under Rule 26(a)(1)(A)(ii); and (3) defendants likewise were not required by that Rule to produce a privilege log for withheld documents on which they do not intend to rely. See 11/21/18 Def. Opp.

### A. Defendants' Procedural Challenges

Defendants are correct that Rule 26(a)(1)(A)(ii) imposes no obligation to produce documents identified thereunder in initial disclosures absent a timely document request. See 11/21/18 Def. Opp. at 1-2 (citing Silverman v. City of New York, No. 98-CV-6277, 2001 WL 1776157, at *6 (E.D.N.Y. Nov. 19, 2001)). Nevertheless, courts in this Circuit have made clear that the obligation to produce the described documents will be triggered "by either a

---

[4] The Court declines to resolve this dispute on that basis, but cautions both sides that it will no longer tolerate the kind of posturing that has been masquerading as good-faith efforts to resolve their discovery squabbles.

6

formal or informal discovery request." Coppola v. Bear Stearns & Co., Inc., No. 1:02-CV-1581 FJS/RFT, 2005 WL 3159600, at *7 (N.D.N.Y Nov. 16, 2005) (collecting cases); accord A.V.E.L.A., Inc. v. Estate of Marilyn Monroe, No. 12 Civ. 4828(KPF)(JCF), 2014 WL 1408488, at *2 (S.D.N.Y. Apr. 11. 2014). Although plaintiff served no formal document demands until after fact discovery had closed, it is undisputed that as early as February 23, 2018, plaintiff made an informal demand that defendants produce "Emails with and/or about Plaintiff[,]" 11/26/18 Pl. Reply at 1 & Ex. 1, thereby triggering defendants' obligation of production. And it is no answer to say that defendants, in their Rule 26(a)(1)(A)(ii) disclosure, had intended to limit the referenced emails to only those on which defendants might rely, and thus had no need to provide a privilege log; once plaintiff informally demanded production of all emails with and/or about plaintiff, all such documents should have been produced, but for those withheld and properly identified on a privilege log. Cf. S.E.C. v. Merkin, No. 11-23585-CIV., 2012 WL 3203037, at *4 (S.D. Fla. Aug. 3, 2012) (where "the materials were not requested . . . the SEC was not obligated to place them on a privilege log."); see also Lennar Mare Island, LLC v. Steadfast Ins. Co., No. 2:12-cv-02182-KJM-KJN, 2015 WL 4910468, at *8 (E.D. Cal. Aug. 17, 2015) ("In this court's view, providing a privilege log with initial disclosures would be consistent with the purpose animating the initial disclosure requirement.").

B. <u>Defendants' Claims of Privilege</u>

Plaintiff's motion to compel challenges defendants' assertions of attorney-client privilege in connection with redactions of five documents[5] and withholding of two others. In particular, plaintiff faults defendants for impermissibly redacting sender, recipient and date information. <u>See</u> 11/16/18 Pl. MTC at 2. Supporting its argument with caselaw, plaintiff additionally assaults the redactions as relating to discussions that appear to be of a business nature rather than for the purpose of seeking or providing legal advice. <u>See id.</u> (collecting cases). As plaintiff further notes, several of the redactions are to communications not between client and counsel. <u>See id.</u> at 2-3.

After resisting disclosure on the procedural grounds disposed of above, <u>see</u> 11/21/18 Def. Opp. at 1-3, defendants turn to the merits, asserting that, to the extent that plaintiff's motion is not held to be moot, "the Court [should] deny these portions of LPD's motion as unsupported by the law[,]" <u>id.</u> at 3. Defendants provide no further explanation, evidentiary showing, or legal analysis. Defendants supplement this perfunctory assertion in the cover letter accompanying their *in camera* submission of the disputed documents; there they offer to confer with plaintiff to resolve their dispute by "(1) providing the 'exact dates' [of redacted communications]; (2) unredacting certain 'sender, recipient, and date information' . . . ; (3)

---

[5] One of the disputed documents on the privilege log is also claimed to be protected by work product immunity. <u>See</u> Privilege Log, PrivNum 9, DE #93-2.

The sequential numbers assigned to each document listed on the Privilege Log (as distinguished from the Bates numbers, which also are reflected on the Log) are designated as "PrivNum." For ease of reference, the Court uses only the last three digits of the Bates number. The documents withheld in their entirety, e.g., PrivNum 17, were not assigned Bates numbers.

providing more detailed privilege log descriptions; (4) providing affidavits attesting to the nature of the protection; (5) permitting an attorney-only inspection of portions of documents that evidence the privileged nature of the communications[.]"  11/21/18 Def. Supp. at 1.[6]

As a matter of law, plaintiff is entitled to disclosure of the dates of the redacted communications, as well as the identities of the parties thereto.[7]  See Renner v. Chase Manhattan Bank, NO. 98 CIV. 926 (CSH), 2001 WL 1356192, at *1 (S.D.N.Y. Nov. 2, 2001).  Defendants' first and second offers therefore would provide plaintiff with information that should not have been withheld in the first place.  As for defendants' offer to provide more detailed privilege log descriptions and affidavits, defendants failed to avail themselves of that opportunity in a timely fashion.  When plaintiff filed its letter-brief to compel disclosure of communications claimed to be privileged, defendants opposed the motion on procedural grounds, rather than addressing the merits of their assertions of privilege.  Defendants' "failure to meaningfully engage with [plaintiff's] arguments amounts to a waiver of their opportunity to respond."  Abreu v. Fairway Mkt. LLC, 17-CV-9532 (VEC), 2018 WL 3579107, at *1 (S.D.N.Y July 24, 2018); see Rosenblatt v. City of New York, No. 05 Civ. 5521(GEL), 2007 WL 2197835, at *7 (S.D.N.Y. July 31, 2007) (Lynch, J.) ("Plaintiff effectively concedes defendants' other arguments . . . by her failure to respond to them . . . ."); see generally Abrahams v. Young & Rubicam Inc., 79 F.3d 234, 237 (2d Cir. 1996).

---

[6] Defendants offer, in the alternative, to "negotiate[e] limited waivers [and] withdraw the privilege log entirely."  11/21/18 Def. Supp. at 1.  Defendants fail to explain what they mean by this alternative proposal.

[7] The redaction of such information is, in any event, largely pointless, as much of this same information is disclosed in the Privilege Log.

On this ground alone, the Court would be justified in granting plaintiff's motion to compel in its entirety.

Moreover, as the proponents of the privilege, defendants bear the burden of establishing the applicability of both the attorney-client privilege and the work product doctrine, see United States v. Constr. Prods. Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996), and that burden cannot be discharged with conclusory or *ipse dixit* assertions, see In re Grand Jury Subpoena dated Jan. 4, 1984, 750 F.2d 223, 225 (2d Cir. 1984). Defendants also have the burden of showing that the privilege has not been waived. See Norton v. Town of Islip, No. CV 04-3079(PKC)(SIL), 2015 WL 5542543, at *3 (E.D.N.Y. Sept. 18, 2015); Rank Grp. Ltd. v. Alcoa, Inc., No. 12 Civ. 3769(VSB)(RLE), 2014 WL 1883505, at *2 (S.D.N.Y. May 9, 2014). Defendants have failed to carry their burden, "particularly in the glaring absence of any supporting affidavits . . . ." Constr. Prods., 73 F.3d at 474.

Despite defendants' waiver and insufficient showing, the Court has examined the disputed documents *in camera* in order to assess the withheld communications "in light of the general context in which they were prepared . . . ." AIU Ins. Co. v. TIG Ins. Co., No. 07 Civ. 7052(SHS)(HBP), 2008 WL 4067437, at *10 (S.D.N.Y. Aug. 28, 2008), modified on reconsid. on other grounds, 2009 WL 1953039 (S.D.N.Y. July 8, 2009). With a few exceptions noted below, the disputed communications do not on their face appear to be privileged. The first communication on the Privilege Log, PrivNum 1, Bates #ADIL005, DE #100-1 at 1, simply transmits to in-house counsel Sara Vanderhoff prior emails between corporate non-lawyers. "Such transmittal letters . . . that do not include legal advice nor

disclose privileged matters are not subject to the attorney-client privilege." P&B Marina, L.P. v. Logrande, 136 F.R.D. 50, 54 (E.D.N.Y. 1991), aff'd, 983 F.2d 1047 (2d Cir. 1992); see EEOC v. Episcopal Diocese of Long Island, CV06-5302 (ERK)(WDW), 2009 WL 10702666, at *4 (E.D.N.Y. Dec. 7, 2009).

A few of the redacted documents between non-lawyers contain references to in-house counsel, see PrivNum 3, ADIL026, DE #100-3 at 1; PrivNum 4, ADIL050, DE #100-4 at 1 (same redaction as ADIL026); PrivNum 9, ADIL142, DE #100-5 at 3;[8] such references do not, without more, bring those communications within the ambit of the privilege. See Renner, 2001 WL1356192, at *1 ("[N]ot all documentary references to attorney-client communications or [to] that relationship fall within the privilege.").

Nor have defendants, by including in the Privilege Log the unsubstantiated assertion "communications in furtherance of investigation undertaken at the request of counsel" (Privilege Log, PrivNum 14 [DE#100-09 at 1] and PrivNum 17 [DE #100-10 at 1]), sustained their burden of establishing that the attorney-client privilege applies to communications to or between business personnel. See AIU Ins., 2008 WL 4067437, at *9-10 ("conclusory affirmations" alleging that numerous documents were prepared "at the direction of counsel" were insufficient to sustain the privilege proponent's burden of establishing that business-

---

[8] There are multiple copies of various redacted or withheld email communications; some of those duplicates are consistently redacted, compare PrivNum 3, ADIL026, DE #100-3 at 1, with PrivNum 4, AIL050, DE #100-4 at 1, while others are not, compare PrivNum 9, ADIL140-ADIL141, DE #100-5 at 1-2 (redacted), with ADIL146, DE #100-5 at 7 (not redacted), ADIL151, DE 100-6 at 2, and ADIL168-69, DE#100-7 at 5-6 (not redacted); compare ADIL142, DE #100-5 at 3 (redacted, although not reflected on privilege log), with ADIL148, DE #100-5 at 9 (not redacted), and ADIL170, DE#100-7 at 7 (not redacted).

related communications between corporate employees were for the purpose of obtaining legal advice).

A few emails on their face, without supporting declarations, do satisfy defendants' burden of establishing their assertion of privilege. A redacted email dated May 20, 2015, from Paul Jackiewicz to in-house counsel Sara Vanderhoff, PrivNum 2, ADIL018, DE #100-2 at 1, appears to be a communication made for the purpose of seeking legal advice. Likewise, a redacted email dated April 24, 2015 at 10:16 a.m., from Whitney Grant to in-house counsel Paul Loving, PrivNum 9, ADIL140, DE #100-5 at 1, appears to be a communication from the client to an attorney for the purpose of obtaining legal advice and may tend to reveal advice from the attorney. Although defendants' failure to address plaintiff's privilege challenges on the merits would justify granting plaintiff's motion in its entirety, the Court will allow those disputed documents to remain redacted.

Two of the redacted emails in the disputed email chains, which are between non-lawyers, with in-house counsel copied on those communications, present thornier questions as to whether they should be protected from disclosure. See PrivNum 9, ADIL140-ADIL141 (emails at 9:28 a.m. and 8:55 a.m.), DE #100-5 at 1-2 (duplicated without redactions at ADIL146, DE#100-5 at 7; ADIL151, DE#100-6 at 2; ADIL168-ADIL169, DE#100-7 at 5-6). That attorneys were copied on communications between business personnel does not, by itself, entitle the communications to protection. See U.S. Postal Serv. v. Phelps Dodge Ref. Corp., 852 F.Supp. 156, 160 (E.D.N.Y. 1994) ("[T]he mere fact that a communication is made directly to an attorney, or an attorney is copied on a memorandum, does not mean that the

12

communication is necessarily privileged."); accord Spread Enters., Inc. v. First Data Merch. Servs. Corp., No.CV 11-4743(ADS)(ETB), 2013 WL 618744, at *2 (E.D.N.Y. Feb. 19, 2013); AIU Ins., 2008 WL 4067437, at *10.

The Court concludes that defendants have not sustained their burden as to those two emails. Even assuming *arguendo* that the contents of the emails are privileged, otherwise privileged communications to, from, or involving in-house counsel lose protection if they are disseminated beyond those business personnel that need to know "the content of the communication in order to perform [their] job[s] effectively or to make informed decisions concerning, or affected by, the subject matter of the communication[.]" Scholtisek v. Eldre Corp., 441 F.Supp.2d 459, 464 (W.D.N.Y. 2006); see Norton, 2015 WL 5542543, at *3; 3 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 503.22[4][a] (Joseph M. McLaughlin ed., 2006) (communications distributed to employees are confidential, "provided that those persons, because of the structure of the corporation, must know of the communication in order to insure that full and accurate information is provided to the attorney"). Defendants have not identified the roles of the various parties to those discussions and whether they fall within the circle of those who "needed to know."

In addition, both of the emails have already been disclosed in other portions of defendants' document production. See *supra* note 8. Though defendants purport to invoke an inadvertent-disclosure clawback provision in a proposed protective order that they drafted but that apparently was never adopted, their failure to have redacted all allegedly privileged emails in their relatively modest production of documents raises questions as to whether their conduct

13

was so careless as to negate a finding of inadvertence.  See generally Jacob v. Duane Reade, Inc., No. 11 Civ. 0160(JMO)(THK), 2012 WL 651536, at *3-6 (S.D.N.Y. Feb. 28, 2012); Fed. R. Evid. 502(b).  Simply put, defendants have made no showing to support a finding that they employed reasonable measures to prevent the disclosure of privileged materials and that they acted promptly to rectify the disclosure of the allegedly privileged emails.  See id.

But for PrivNum 2, ADIL018, DE #100-2 at 1, and PrivNum 9, ADIL140, DE #100-5 at 1 (10:16 a.m. email), plaintiff's motion to compel is otherwise granted, and defendants' request for sanctions defending that motion is denied as moot.

## CONCLUSION

For the foregoing reasons, the Court grants in part defendants' November 6th motion to compel and for sanctions and orders plaintiff to pay defendants a reasonable fee of $7,500 under Rule 37(a)(5)(A); reopens fact discovery for both sides until February 6, 2019, but strikes plaintiff's interrogatories and limits its document requests; and grants plaintiff's motion to compel except as to two emails.

**SO ORDERED.**

**Dated:    Brooklyn, New York
           December 7, 2018**

/s/    *Roanne L. Mann*
**ROANNE L. MANN
CHIEF UNITED STATES MAGISTRATE JUDGE**