```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LPD NEW YORK, LLC,

                        Plaintiff,              MEMORANDUM
                                                 AND ORDER

        -against-                                15-CV-6360 (MKB)

ADIDAS AMERICA, INC., et al.,

                        Defendants.
----------------------------------------------------------------x
```

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

Currently before the Court is a combined motion for a protective order filed by defendants and a motion filed by five non-parties, who are former employees of defendants, to quash subpoenas *duces tecum* that plaintiff LPD served on them. See Motion to Quash (Jan. 25, 2019), Electronic Case Filing ("ECF") Docket Entry ("DE") #111. Among other things, the motion argues that plaintiff's expansive document demands exceed the scope of reopened discovery authorized by this Court and impose an undue burden on the non-parties. See id. Plaintiff counters that this Court's Memorandum and Order of December 7, 2018 ("12/7/18 M&O"), DE #104, "unconditionally re-opened fact discovery until 6 February 2019[,]" Memorandum in Opposition (Jan. 29, 2019) ("Pl. Opp.") at 2, DE #113, and that the subpoenas are "not unduly burdensome, especially when LPD's proposed concessions are considered," id. at 1.[1]

Plaintiff's position, which may charitably be characterized as *chutzpah*, is entirely unfounded. Plaintiff ignores the context in which the Court issued its 12/7/18 M&O,

---

[1] Defendants and the non-party movants again filed a reply without authorization from the Court. See Reply in Support (Jan. 31, 2019), DE #115; see also 12/7/18 M&O at 1 (characterizing defendants' reply as "unauthorized"). The Court will no longer consider any unauthorized replies on discovery motions.

reopening discovery "with limitations."  12/7/18 M&O at 4.  Fact discovery originally closed on November 16, 2018, and the Court "admonish[ed] plaintiff's counsel for serving no discovery demands" during that period.  See Minute Entry (Nov. 20, 2018) at 1, DE #97.  Observing that it would have been "amply justified in finding that plaintiff had not shown good cause to reopen fact discovery[,]" 12/7/18 M&O at 4, the Court nevertheless granted plaintiff a limited reopening of discovery, but made clear that plaintiff was "not entitled to a complete 'do over[.]'"  Id. at 5.  Instead, after striking plaintiff's interrogatories and many of its belatedly served document demands, see id., the Court delineated the narrow scope of discovery that would be available to plaintiff: "Plaintiff will be permitted to conduct depositions within the reopened period for fact discovery."  Id. at 6.  Plaintiff's suggestion that no limitation was placed on its ability to seek documents from third parties -- including documents that it had not timely demanded from defendants -- is contrary to both the intent of this Court's 12/7/18 M&O and any fair reading of that decision.  As for plaintiff's belated offer to narrow the document-production portions of the challenged subpoenas, see Pl. Opp. at 2, such "concessions" are simply too little, too late.

Accordingly, the Court strikes the subpoenas *duces tecum* served on all non-parties (including, but limited to, defendants' former employees).  Consistent with the 12/7/18 M&O, plaintiff is not prohibited from deposing those subpoenaed non-parties within the remaining discovery period.

## CONCLUSION

For the foregoing reasons, the motion to quash/for a protective order (DE #111) is granted in its entirety. Plaintiff is directed to serve a copy of this Memorandum and Order forthwith on any subpoenaed non-parties who are not represented by defendants' counsel.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**February 1, 2019**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**