UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LPD NEW YORK, LLC,

                        Plaintiff,                  MEMORANDUM
                                                      AND ORDER

                 -against-                       15-CV-6360 (MKB)

ADIDAS AMERICA, INC., et al.,

                        Defendants.
------------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

      Among the pending discovery motions filed by plaintiff LPD New York is its Sealed Motion to Compel withheld or redacted documents (Feb. 2, 2019) ("Pl. Motion"), Electronic Case Filing ("ECF") Docket Entry ("DE") #119. Defendants oppose the motion on the ground that (1) plaintiff failed to confer with defendants before moving to compel, and (2) plaintiff's challenge is without merit, in that (a) defendants' privilege log is adequate and (b) the disputed documents were properly withheld or redacted either as privileged attorney/client communications or, as to three documents (PrivNums 26, 30, and 31), attorney work product. See Letter in Response to Motion to Compel (Feb. 11, 2019) ("Def. Opp."), DE #123.

      The Court agrees with defendants that plaintiff's motion should be denied as procedurally defective, in that plaintiff admittedly filed its motion without first conferring with defendants, see Pl. Motion at 1, despite a recent admonition from the Court regarding such derelictions, see Memorandum and Order (Dec. 7, 2018) at 6 n.4, DE #104. In any event, having reviewed defendants' privilege log, see DE #123-1, and the sworn statements of defendants' Associate General Counsel, see Declaration of Sara M. Vanderhoff, DE #123-2; see also Declaration of Sara M. Vanderhoff ¶¶ 2-7, DE #121-1, the Court concludes that

defendants have sustained their burden of substantiating their assertions of privilege and that an *in camera* inspection of the disputed documents is not warranted, See, e.g., Automobile Club of New York, Inc. v. Port Auth. of N.Y. & N.J., No. 11 Civ. 6746 (RKE)(HBP), 2014 WL 2518959, at *11 (S.D.N,.Y. June 4, 2014) (denying motion to compel documents without an *in camera* review, where defendant provided a privilege log and declaration to support its claim of privilege), adopted, 2015 WL 3404111, at *8 (S.D.N.Y. May 27, 2015) (concluding that "*in camera* review would serve no purpose"); see also Local 3, Int'l Bhd. Of Elec. Workers, AFL-CIO v. NLRB, 845 F.2d 1177, 1180 (2d Cir. 1988) ("*In camera* review is considered the exception, not the rule, and the propriety of such review is a matter entrusted to the district court's discretion."). Plaintiff's motion is denied in its entirety.

As for defendants' request for an award of fees, see Def. Opp. at 2, that application is likewise procedurally improper, in that defendants failed to docket their submission into the court file as a motion event. Moreover, the Court denies the application on the merits but, if the violations persist, the Court will be less constrained in imposing fee-shifting.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**February 13, 2019**

/s/ *Roanne L. Mann*

**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**