| ROANNE L. MANN | DATE: September 13, 2019 |
| --- | --- |
| UNITED STATES MAGISTRATE JUDGE | START: 12:00 p.m. |
| | END: 1:30 p.m. |

**DOCKET NO:** 15-CV-6360 (MKB)

**CASE:** LPD New York, LLC v. Adidas America, Inc. et al.

- ☐ INITIAL CONFERENCE
- ☐ DISCOVERY CONFERENCE
- ☐ SETTLEMENT CONFERENCE
- **x** MOTION HEARING
- ☐ OTHER/ORDER TO SHOW CAUSE
- ☐ FINAL/PRETRIAL CONFERENCE
- ☐ TELEPHONE CONFERENCE
- ☐ INFANT COMPROMISE HEARING

**PLAINTIFF** **ATTORNEY**

| |
| --- |
| Nathan Williams |
| |
| |

**DEFENDANT** **ATTORNEY**

| |
| --- |
| Robert Potter |
| Forrest Flemming |
| |

**LIMITED FACT DISCOVERY ON COUNTERCLAIMS TO BE COMPLETED BY <u>OCT. 25, 2019</u>**

- ☐ NEXT _____ CONFERENCE SCHEDULED FOR_____
- ☐ JOINT PRE-TRIAL ORDER TO BE FILED VIA ECF BY _____
- ☐ PL. TO SERVE DEF. BY:_____ DEF. TO SERVE PL. BY:_____

**RULINGS:** **PLEASE TYPE THE FOLLOWING ON DOCKET SHEET**

For the reasons and to the extent described on the record, the Court grants in part and denies in part LPD's motion to reopen discovery on adidas's counterclaims (DE #158), adidas's motion for a protective order (DE #162), and LPD's motion to compel (DE #163), and denies the parties' cross-motions for sanctions (DE #171). Among other things, the Court concludes that LPD is entitled to limited discovery on its naked licensing defense, but rejects LPD's demands for broad and burdensome discovery.

The Court reopens fact discovery on adidas's counterclaims for a limited period and limited purposes, to allow the parties to complete the outstanding discovery approved by and not stricken by the Court. Plaintiff may conduct the depositions of: Jarrett Mann, who was previously served with a subpoena but did not make himself available for deposition before the previous discovery deadline; Sarah Vanderhoff, to complete in 90 minutes, in Portland, Oregon, the Rule 30(b)(6) deposition of her; and Rule 30(b)(6) witnesses on the following Topics for Deposition: #1, #6, #7, #14 and #16; the latter four topics are limited to guidelines and policies since 2012 related to quality-controls and/or consumer complaints arising out of the use of adidas trademarks by third parties in the U.S. on goods manufactured by those third parties. The aforesaid principles also apply to LPD's Requests for Production and Interrogatories.

The Court denies without prejudice LPD's request to depose Lawrence Norman and strikes the document demands contained in LPD's Rule 30(b)(6) deposition notices.