UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
LPD NEW YORK, LLC,

                    Plaintiff,                    MEMORANDUM
                                                          AND ORDER

           -against-                           15-CV-6360 (MKB)

ADIDAS AMERICA, INC., et al.,

                    Defendants.
-------------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court is a letter-motion filed on December 5, 2019, by plaintiff LPD New York, LLC ("plaintiff" or "LPD"), see Letter-Motion to Strike (Dec. 5, 2019) ("Pl. Letter"), DE #187, to strike a portion of this Court's order of October 16, 2019, wherein the Court, in granting in part a consent motion to extend limited fact discovery, rebuked plaintiff's counsel for their "misleading statements and omissions" and "lack of candor[,]" Order (October 16, 2019) ("10/16/19 Order"). LPD argues that the Court's "conclusion [is] wrong" and complains that the attorney in question (Nathan T. Williams) "was never provided an opportunity to be heard before the Court's public censure was issued." Pl. Letter at 1. For the reasons that follow, plaintiff's motion to strike is denied.

      As a preliminary matter, plaintiff's letter-motion is woefully untimely. Pursuant to Local Civil Rule 6.3, a motion for reconsideration must be served "within fourteen (14) days after the entry of the Court's determination of the original motion," E.D.N.Y. Local Civ. R. 6.3 – in this case, by October 30, 2019. In arguing that the Court has "inherent power to reconsider a prior decision at any time before judgment," Pl. Letter at 1, LPD overlooks the fact that Rule 6.3's 14-day deadline is controlling "unless the movant presents a compelling

reason to ignore the time limit." Smith v. Town of Hempstead Dep't of Sanitation Sanitary Dist. No. 2, 982 F.Supp.2d 225, 230 (E.D.N.Y. 2013) (internal quotation marks and citation omitted). LPD presents *no* reason whatsoever ─ compelling or otherwise ─ for its failure to comply with Rule 6.3's 14-day time limit. Nor has plaintiff complied with Rule 6.3's requirement that motions for reconsideration set forth "the matters or controlling decisions which counsel believes the Court has overlooked." E.D.N.Y. Local Civ. R. 6.3. Instead, LPD offers a series of *post hoc* rationalizations for its counsel's misleading conduct, none of which warrants a modification of the Court's prior order.

LPD's assertion that its counsel "was never provided an opportunity to be heard" before the Court entered the Order at issue, see Pl. Letter at 1, is factually baseless. The Court's criticism of plaintiff's counsel's conduct was prompted by a letter filed on October 8, 2019, by defense counsel, who brought to the Court's attention "LPD's lack of candor with this Court and with Defendants . . . ." Letter to the Honorable Roanne L. Mann (Oct. 8, 2019) at 1, DE #183. The Court did not issue its 10/16/19 Order until eight days later ─ ample opportunity for LPD to correct any inaccuracy in the record.

Nothing in LPD's belated challenge, or in the exhibits attached thereto, undermines the 10/16/19 Order's criticism of LPD's counsel's lack of candor with respect to the need for additional time to subpoena defendant adidas's former employee, Jarrett Mann.[1] LPD proffers

---

[1] In a letter dated July 29, 2019, LPD had requested an extension of the deadline for completing depositions, noting, *inter alia*, that Mann had cancelled his deposition three times, and then failed to provide alternative dates, causing defense counsel to terminate their representation of him. See Motion for Extension of Time to Complete Discovery (July 29, 2019) ("July 29th Letter") at 1, DE #158. This demonstrated, according to LPD's counsel, the parties' "inability to set Mann's deposition[.]" Id. at 2. What he failed to disclose was that he had had

2

two reasons why it was under no obligation to correct the Court's mistaken impression that Mann was continuing to impede LPD's ability to depose him, when in fact he was cooperating with LPD's counsel, who had fully debriefed him on July 25, 2019. First, LPD suggests that "LPD's efforts to secure that interview and the interview itself constituted intangible work product . . . ." Pl. Letter at 3. Second, LPD claims that it "had zero assurance" that Mann would honor his commitment to sign a post-debriefing declaration prepared by plaintiff's counsel, and that LPD had "ample cause for concern" that Mann would break his promise. Id.

For LPD to suggest that the work product doctrine justified its failure to correct the record, by acknowledging that LPD had located and communicated with Mann, is sheer nonsense. All that counsel needed to disclose was the fact that counsel had been in communication with Mann, not the substance of those communications – which themselves would, at best, be subject to qualified protection. See McKean v. City of New York, No. 03Civ.7790(RWS)(MHD), 2005 WL 2656120, at *1-*2 (S.D.N.Y. Oct. 18, 2005) (permitting questions about number of contacts that witness had with party's counsel); SR Int'l Business Ins. Co. Ltd. v. World Trade Ctr. Props. LLC, No. 01 Civ. 9291(JSM), 2002 WL 1334821, at *5-*6 (S.D.N.Y. June 19, 2002) (work product protection "should not be extended to

---

extensive communications with Mann, who had cooperated with LPD and had been fully debriefed by its counsel. See *infra* p. 4 & n.2. LPD's counsel nevertheless perpetuated his incomplete and misleading narrative during a telephone conference held by the Court on September 13, 2019, when he confirmed that LPD had no reason to believe that Mann would appear for his deposition. See Transcript of Proceedings held on September 13, 2019, at 6, DE #175.

preclude any questioning as to what a witness said to another party's attorney").

LPD's factual argument is as flimsy as its legal one. LPD's assertion that, "as of the date of LPD's [July 29th] [L]etter [to the Court], Mann had discontinued communications with LPD's counsel" (Pl. Letter at 3) is belied by the record. As revealed in the attachments to plaintiff's pending letter-motion, Mann was debriefed by LPD's counsel in Los Angeles on Thursday, July 25, 2019; advised counsel that he would be traveling to Portland the following day to prepare for his upcoming wedding on August 3; after thanking Mann by text message on July 26, 2019, LPD's counsel next reached out to him, via text message, on Monday, July 29, 2019 — the same day LPD filed its misleading letter to the Court. See Text Messages, DE #187-2 at 7. Thus, by no stretch of the imagination can it be said that "Mann had discontinued communication with LPD's counsel" as of the date of LPD's July 29th Letter. Pl. Letter at 3.[2] Consequently, as of that date, LPD's counsel had no reason to believe that Mann would persist in impeding the parties' ability to conduct his deposition. Therefore, LPD's December 5th letter-motion distorts the documented facts and, rather than exonerating counsel, supports the Court's criticism of him in the 10/19/19 Order. The motion to strike is therefore denied.

---

[2] According to the docket, plaintiff's July 29th Letter was docketed into the court file at 3:32 p.m.; plaintiff's counsel sent two text messages to Mann that day: one at 12:49 p.m., stating that counsel was finalizing the draft declaration, and another at 6:06 p.m., asking whether Mann had received his earlier message and whether they could meet the next day. See Text Messages, DE #187-2 at 9. At most, less than three hours had elapsed between the sending of the first text message and the filing of LPD's misleading July 29th Letter. At worst, assuming that the communications were sent from California, and that the time stamps reflect local time, the July 29th Letter to the Court was filed *before* LPD's counsel had even reached out to Mann about a follow-up meeting.

SO ORDERED.

Dated: Brooklyn, New York
December 19, 2019

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**