UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

LPD NEW YORK, LLC,

                          Plaintiff,

                v.

ADIDAS AMERICA, INC. and ADIDAS AG,

                          Defendants.

-----------------------------------------------------------------

**MEMORANDUM & ORDER**
15-CV-6360 (MKB) (RLM)

MARGO K. BRODIE, United States District Judge:

Plaintiff LPD New York, LLC, commenced the above-captioned action against

Defendants Adidas America, Inc. and Adidas AG on November 5, 2015, and filed a Second

Amended Complaint ("SAC") on May 4, 2018.   (Compl., Docket Entry No. 1; SAC, Docket

Entry No. 77.)   On April 22, 2019, Defendants filed an Answer to the SAC and, along with

counterclaim-Plaintiff adidas International Marketing B.V. (collectively "Adidas"), asserted

seven counterclaims against LPD and counterclaim-Defendant Benjamin Fainlight, LPD's sole

owner, member, and employee.[1]   Approximately two years later, by letter-motion dated April 7,

2021, Fainlight moved to dismiss the counterclaims against him for insufficient service of

process, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, and Adidas opposed

the motion.   (*See* Letter Mot. to Dismiss ("Fainlight's Mot."), Docket Entry No. 211; Resp. in

Opp'n ("Adidas's Opp'n") 1–2, Docket Entry No. 213.)

---

[1]   (*See* Answer, Docket Entry No. 148; Am. Answer ¶ 16, Docket Entry No. 144; *see also* Dep. of Benjamin Fainlight dated Mar. 4, 2019 ("Fainlight Dep. I") 64, 72, annexed to Decl. of Robert N. Potter in Supp. of Adidas's Mot. for Partial Summ. J. ("Potter Decl.") as Ex. 3, Docket Entry No. 217-3; Decl. of Benjamin Fainlight ("Fainlight Decl.") ¶ 2, annexed to Notice of Pl.'s Mot. for Partial Summ. J., Docket Entry No. 24-4.)

For the reasons that follow, the Court denies Fainlight's motion to dismiss the counterclaims.

## I.   Background

The Court assumes the parties' familiarity with the facts of the case and provides only the procedural history pertinent to Fainlight's motion to dismiss.

On May 4, 2018, Plaintiff filed the SAC, asserting various claims.   (SAC ¶¶ 104–132.) On April 22, 2019, Adidas filed an Answer to the SAC and asserted seven counterclaims against LPD and Fainlight.[2]   Although Adidas served its Answer on LPD via ECF, it did not attempt to personally serve Fainlight.   On May 21, 2019, LPD filed an Answer to Adidas's counterclaims. (Answer.)   Fainlight did not file an Answer to the counterclaims and no counsel has filed a notice of appearance on his behalf.

On April 7, 2021, Fainlight requested a pre-motion conference in connection with his anticipated motion to dismiss the counterclaims against him, for the first time raising the defense of insufficiency of service.   (*See* Fainlight's Mot.)   On April 8, 2021, Adidas opposed Fainlight's request.   (Adidas's Opp'n.)   On April 27, 2021, the Court denied Fainlight's motion for a pre-motion conference and advised the parties that, "unless either party objects by May 4, 2021, the Court will deem their pre-motion conference submissions to be the motion."   (Order

---

[2]   Between Plaintiff's filing of the SAC on May 4, 2018, and Adidas's filing of the Answer on April 22, 2019, the parties engaged in motion practice, including, among others, a motion to dismiss new claims asserted in the SAC and several discovery motions.   (*See, e.g.*, Mem. and Order, Docket Entry No. 104 (discovery motions); Order dated Feb. 1, 2019, Docket Entry No. 116 (motion to quash third party subpoenas and motion for protective order); Mem. and Order, Docket Entry No. 138 (motion to dismiss); Mem. and Order, Docket Entry No. 128 (motion to compel).)

dated Apr. 27, 2021.)   In addition, the Court directed the parties "to submit any additional briefing in letter form on or before May 11, 2021." (*Id.*)   Neither party objected to the Court's Order, and Fainlight supplemented his motion on May 7, 2021, (*see* Letter Mot. to Dismiss Adidas's Counterclaim ("Fainlight's Suppl. Mot."), Docket Entry No. 241), and Adidas supplemented its response on May 11, 2021, (Adidas's Suppl. Resp. to Mot., Docket Entry No. 244).

## II.   Discussion

Fainlight moves to dismiss the counterclaims against him on the basis that Adidas failed to properly serve him with process.   Indeed, it is undisputed that Fainlight was not properly served.[3]   Nevertheless, Adidas argues that by waiting to raise the defense until this late stage of the litigation, Fainlight has waived any objections to the failure to serve him.   (*See* Adidas's Opp'n 3; Adidas's Suppl. Resp. to Mot.)

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Dynegy Midstream Servs., LP v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006) (quoting *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).   "[W]hen a defendant moves to dismiss under Rule

---

[3]   Adidas apparently believed that electronic service of the counterclaims on counsel for LPD would constitute proper service on Fainlight.   (*See* Adidas's Opp'n 1–2.)   However, even assuming that counsel for LPD represented Fainlight in his individual capacity at the time of service, electronic service on counsel does not comply with Rule 4 of the Federal Rules of Civil Procedure.   *See Dover Ltd. v. Assemi*, No. 08-CV-1337, 2009 WL 2870645, at *4 n.8 (S.D.N.Y. Aug. 5, 2009) ("The [c]ourt reminds [the defendant] that all counterclaim or third-party defendants other than [the] [p]laintiff must be served in conformity with Rule 4 of the Federal Rules of Civil Procedure . . . ."); *Advanced Portfolio Techs., Inc. v. Advanced Portfolio Techs. Ltd.*, No. 94-CV-5620, 1999 WL 64283, at *8 (S.D.N.Y. Feb. 8, 1999) (dismissing counterclaims based on failure to effect service in accordance with Rule 4).

12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (alteration in original) (quoting *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)); *see Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010) (same).   "Although no specific time limit is specified for raising a defense of improper service of process, such a motion must be raised in a 'reasonably timely fashion.'" *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 659 (S.D.N.Y. 1997) (quoting *Fed. Home Loan Mortg. Corp. v. Dutch Lane Assocs.*, 775 F. Supp. 133, 136 (S.D.N.Y. 1991)), *aff'd*, 173 F.3d 844 (2d Cir. 1999).   "However, it is well settled that an objection to defective service, like any personal jurisdiction defense, 'is a privileged defense that can be waived "by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct."'" *Moss v. Wyeth, Inc.*, 872 F. Supp. 2d 154, 160 (D. Conn. 2012) (quoting *Subway Int'l B.V. v. Cere*, No. 10-CV-1713, 2011 WL 3511462, at *3 (D. Conn. Aug. 11, 2011)); *Burton v. N. Dutchess Hosp.*, 106 F.R.D. 477, 480 (S.D.N.Y. 1985) (quoting *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939)) (same); *see also United States v. Brow*, No. 01-CV-4797, 2011 WL 7562706, at *5 (E.D.N.Y. Dec. 28, 2011) ("When a defendant participates in the litigation, delays in making an objection to personal jurisdiction, and then makes an objection that could have been easily cured through amending service or proof of service in the first place, the defendant has waived the personal jurisdiction objection." (footnote omitted)), *report and recommendation adopted*, 2012 WL 947589 (E.D.N.Y. Mar. 20, 2012); *Subway Int'l B.V.*, 2011 WL 3511462, at *3 ("The Second Circuit has advised that a defendant can forfeit the personal jurisdiction defense arising from improper service of process even when formally raised in an answer or motion to dismiss.").

"When determining whether a party's conduct waived the defense, courts examine 'the nature and extent of defendants' contacts with the court.'" *Gore v. RBA Grp., Inc.*, No. 03-CV-9442, 2009 U.S. Dist. LEXIS 130673, at *11 (S.D.N.Y. Mar. 10, 2009) (quoting *Arthur Williams, Inc. v. Helbig*, No. 00-CV-2169, 2001 WL 536946, at *2 (S.D.N.Y. May 21, 2001)), *report and recommendation adopted*, 2009 WL 884565 (S.D.N.Y. Mar. 27, 2009).   "Courts typically find that 'actual knowledge of a suit coupled with extensive participation in pretrial proceedings' is sufficient to constitute a waiver of the insufficient service defense." *Id.* at *11–12 (quoting *Arthur Williams, Inc.*, 2001 WL 536946, at *2); *see Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-CV-1112, 2018 WL 4757939, at *3 n.4 (S.D.N.Y. Sept. 30, 2018) (same); *see also Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61–62 (2d Cir. 1999) (reversing dismissal and finding personal jurisdiction defense forfeited after the defendant participated in extensive pretrial proceedings but never moved to dismiss); *Lee v. City of New York*, No. 00-CV-3181, 2002 WL 1732810, at *3 (E.D.N.Y. July 22, 2002) ("[A] party may waive the defense of insufficiency of service of process through 'defense of the action on the merits or other conduct inconsistent with the defense.'" (quoting *Arthur Williams, Inc.*, 2001 WL 536946, at *2)); *accord Broadcast Music, Inc. v. M.T.S. Enters. Inc.*, 811 F.2d 278, 281 (5th Cir. 1987) (holding that the defendants, "through the actions of their counsel, voluntarily appeared in this case and waived the defense of insufficiency or failure of service").

"Once a defendant attends court conferences and engages in discovery, it has waived the issue of service." *Perez v. Sandals Resorts Int'l, Ltd.*, No. 11-CV-914, 2015 WL 94223, at *4 (E.D.N.Y. Jan. 7, 2015); *see Subway Int'l B.V. v. Bletas*, 512 F. App'x 82, 83 (2d Cir. 2013) (holding that district court did not abuse its discretion in concluding that the defendant "forfeited

her improper service defense by participating in a settlement conference and filing multiple

motions without mentioning the defense"); *Datskow v. Teledyne, Inc.*, 899 F.2d 1298, 1302–03

(2d Cir. 1990) (reversing dismissal of complaint for lack of service where the defendant

"attended [a] conference with the magistrate and participated in scheduling discovery and motion

practice" but said nothing about defective service of process, though "the limitations period . . .

had not yet run . . . and it would have been simple for [the] plaintiffs to have made personal

service on the defendant if the point had been mentioned"); *Tobin v. Gluck*, 11 F. Supp. 3d 280,

304–05 (E.D.N.Y. 2014) (finding waiver where the plaintiff attended several court conferences).

In determining whether a party has waived its jurisdictional objections, "the time period provides

the context in which to assess the significance of the defendant's conduct, both the litigation

activity that occurred and the opportunities to litigate the jurisdictional issue that were forgone."

*Hamilton*, 197 F.3d at 61.

Where a defendant has notice of the action and implicitly leads a plaintiff to believe that

no such defense will be interposed, courts have not hesitated to conclude that the defense has

been forfeited. *See, e.g.*, *White v. Huntington*, No. 14-CV-7370, 2021 WL 826221, at *3, *5

(E.D.N.Y. Mar. 4, 2021) (finding that the defendants forfeited improper service defense "by

failing to seasonably assert it" despite having earlier raised it in motion to vacate default and in

answer to complaint where they "were deposed" and thus "participated in discovery about two

and a half years before seeking dismissal"); *Torcivia v. Suffolk County*, 409 F. Supp. 3d 19, 25

n.1 (E.D.N.Y. 2019) (finding that officer defendants who were deposed and were represented by

the same attorneys as the county were precluded from asserting, for the first time on summary

judgment, failure to serve them); *Lee*, 2002 WL 1732810, at *4 (finding defense barred where

"the [defendant] officers participated extensively in the lawsuit and failed to raise the insufficiency of service of process defense until this late stage in the litigation"); *accord Broadcast Music*, 811 F.2d at 281 (finding that counsel's participation waived allegation of insufficient service of process).   "[A] defendant may [not] halfway appear in a case, giving plaintiff and the court the impression that he has been served, and, at the appropriate time, pull failure of service out of the hat like a rabbit."   *Broadcast Music*, 811 F.2d at 281; *Adidas Sportschuhfabriken Adi Dassler Stiftung & Co., K.G. v. Cheung*, No. 87-CV-8989, 1990 WL 48063, at *5–6 (S.D.N.Y. Apr. 10, 1990) (stating same and finding that the defendants "had actual notice of this litigation and they are estopped from arguing form over substance"); *cf. Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1096 (2d Cir. 1990) ("A defendant cannot justly be allowed to lie in wait, masking by misnomer its contention that service of process has been insufficient, and then obtain a dismissal on that ground only after the statute of limitations has run, thereby depriving the plaintiff of the opportunity to cure the service defect.").

Fainlight forfeited the defense of insufficient service because he had notice of the counterclaims against him, led Adidas and the Court to believe that no such defense would be interposed, and then waited nearly two years to move for dismissal on this ground.   Fainlight is "the founder and sole member" of LPD, (Fainlight Decl. ¶ 2), as well as its only employee, (*see* Fainlight Dep. I, at 64, 72).   Thus, Fainlight has been on notice of the counterclaims asserted against him because he has been directly involved in this action from its commencement, having made the decision to initiate litigation.   (*See* Dep. of Benjamin Fainlight dated Mar. 5, 2019 ("Fainlight Dep. II") 481, annexed to Potter Decl. as Ex. 4, Docket Entry No. 217-4.)   While Counsel was careful to respond to Adidas's counterclaims only on behalf of LPD, the ploy to

7

maintain that distinction faltered at times.   During the course of discovery following Adidas's

assertion of its counterclaims, counsel for LPD served Adidas with three deposition notices on

behalf of "Counterclaim-Defendants, LPD New York, LLC *and Benjamin Fainlight*."[4]   (*See*

Letter Mot. for Protective Order ("Adidas's Discovery Mot.") 1, Docket Entry No. 162

(emphasis added); Dep. Notices 2, 4, 6, annexed to Adidas's Discovery Mot. as Ex. A, Docket

Entry No. 162-1.)   Of course, only a party may serve a notice for deposition.   *See* Fed. R. Civ.

P. 30(b)(1) ("A party who wants to depose a person by oral questions must give reasonable

written notice to every other party.").   In response to LPD's and Fainlight's notices, Adidas

moved for a protective order to quash the "three untimely and grossly overbroad 30(b)(6)

deposition notices . . . served by Counterclaim-Defendants LPD New York, LLC and Benjamin

Fainlight ('LPD') on the three [A]didas entities."   (Adidas's Discovery Mot. 1.)   At that time,

LPD could (and should) have corrected any error as to the parties on whose behalf the

depositions were noticed, but it did not.   Thereafter, at a discovery hearing held before

Magistrate Judge Roanne Mann on September 13, 2019, in connection with, *inter alia*, the

motion for a protective order, counsel for LPD argued on Fainlight's behalf that his "client" was

entitled to documents that would provide "an absolute defense to these counterclaims which seek

not only his personal liability but the liability of a company."   (Tr. of Proceedings held on Sept.

13, 2019, at 46, Docket Entry No. 175.)[5]   Indeed, Judge Mann ordered Adidas to produce

---

[4]   Counsel served the notices on July 22, 2019 — "four days after [A]didas's deadline to serve Fainlight expired."   (Fainlight's Suppl. Mot. 1.)

[5]   Fainlight argues that counsel's conduct should be disregarded because it was undertaken without actual or apparent authority from him.   (*See* Fainlight's Suppl. Mot. 1–3.) However, the critical factor here is Fainlight's failure to challenge service while Adidas had an

documents as well as further Rule 30(b)(6) deponents.   (*See* Min. Entry and Order, Docket Entry No. 174.)

Courts have found similar defenses forfeited based on far shorter delays than the almost two years Fainlight waited before moving to dismiss for insufficient service.   *See Datskow*, 899 F.2d at 1303 (finding waiver where defendant delayed moving to dismiss for four months); *Broadcast Music*, 811 F.2d at 280 (counsel for the corporate defendant may have "deliberately 'lay behind the log' for over eight months while failing to inform plaintiff or the court that service may not have been properly effected" on individual shareholders); *Tobin*, 11 F. Supp. 3d at 305 ("[A]lmost [ten] months after the first [court conference], [the] [p]laintiff answered the Complaint, asserting improper service . . . ."); *Bak v. Berman Enters., Inc.*, No. 91-CV-206, 1992 WL 373762, at *3 (E.D.N.Y. Dec. 7, 1992) (finding that the defendants "waived the objection to service of process through their delay in raising the objection by motion" over a twenty-one-month period); *Krank v. Exp. Funding Corp.*, 133 F.R.D. 14, 17 (S.D.N.Y. 1990) (finding waiver where the defendant "waited seven months before" filing motion to dismiss); *see also White*,

---

opportunity to cure the defect.   *See Broadcast Music, Inc. v. M.T.S. Enters. Inc.*, 811 F.2d 278, 281 (5th Cir. 1987) ("To hold that [counsel's conduct] was unable to [operate as a waiver] unless explicitly authorized would substantially eviscerate Rule 12(h)(1).").   Moreover, counsel's representations to Adidas are relevant to whether Adidas was on notice that Fainlight disputed service and whether Fainlight was obligated to raise the issue earlier.   In other words, regardless of counsel's actual or apparent authority to make those representations, they placed an even greater responsibility on Fainlight to raise the defense in a timely fashion.

The Court is also not persuaded by Fainlight's characterization of counsel's representation of the notices being issued on behalf of LPD and Fainlight as "one typographical error."   (Fainlight's Mot. 3; *see* Fainlight's Suppl. Mot. 1.)   The error was neither typographical, nor did it occur only once, and the alleged "error" carried over into counsel's oral presentation to Judge Mann.   Notably, this is not the first time that counsel for LPD has engaged in sharp practices.   *See, e.g.*, Order dated Oct. 16, 2019; Mem. and Order, Docket Entry No. 189; Order 10 & n.5, Docket Entry No. 190.)

2021 WL 826221, at *5 (although deposed in May and June of 2017, individual defendants "did not identify the issue of [failure to serve] until their Motion to Vacate [Default] in April [of] 2018").   Adidas could easily have served Fainlight had Fainlight raised the defect in service earlier.   Moreover, Fainlight was deposed in this action in his individual capacity and was then, and is now, represented by the same counsel as LPD.   However, Fainlight did not raise the lack of service issue until Adidas moved for summary judgment on its counterclaims.   The Court acknowledges that Adidas should not have presumed that counsel for LPD represented Fainlight as a counterclaim-defendant in his individual capacity or that LPD's counsel would accept service on Fainlight's behalf.   Nevertheless, particularly where, as here, Fainlight does not contend that the Court lacks personal jurisdiction over him pursuant to the long-arm statute, his significant delay in raising Adidas's failure to serve forfeits that defense.   *See Torcivia*, 409 F. Supp. 3d at 25 n.1; *Tobin*, 11 F. Supp. 3d at 304–05.

The case on which Fainlight principally relies is inapposite.   In *Russo v. Estee Lauder Corp.*, No. 08-CV-3965, 2010 WL 11629552 (E.D.N.Y July 27, 2010), the individual defendant was a former employee of the corporate defendant, who had been terminated by the company more than three years before the plaintiff attempted service upon him through the corporation. *See id.* at *1.   The individual defendant did not have actual notice of the suit since he was no longer employed by the company when service was attempted, and he was not advised by the company or its attorneys that he had been named in the complaint.   *See id.* at *2.   By contrast, Fainlight — the moving force behind this lawsuit — was obviously aware of the counterclaims Adidas interposed against him.   Indeed, he does not claim otherwise.

10

Based on the foregoing, the Court concludes that under the circumstances, Fainlight has forfeited his defense of insufficient service of process.

## III.  Conclusion

For the reasons discussed above, the Court denies counterclaim-Defendant Benjamin Fainlight's motion to dismiss.

Dated:   November 4, 2020
    Brooklyn, New York

        SO ORDERED:

         s/ MKB
        _____
        MARGO K. BRODIE
        United States District Judge