UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
LPD NEW YORK, LLC,

        Plaintiff,

v.

ADIDAS AMERICA, INC. and ADIDAS AG,

        Defendants.
---------------------------------------------------------------
ADIDAS AMERICA, INC., ADIDAS AG, and ADIDAS INTERNATIONAL MARKETING B.V.,

        Counterclaim-Plaintiffs,

v.

LPD NEW YORK, LLC and BENJAMIN FAINLIGHT,

        Counterclaim-Defendants.
---------------------------------------------------------------

**MEMORANDUM & ORDER**
15-CV-6360 (MKB)

MARGO K. BRODIE, United States District Judge:

On September 3, 2024, Plaintiff-Counterclaim-Defendant LPD New York, LLC ("Plaintiff"), and Counterclaim-Defendant Benjamin Fainlight moved for partial reconsideration of the Court's August 22, 2024 Memorandum and Order granting in part and denying in part Defendants-Counterclaim Plaintiffs Adidas America, Inc. ("Adidas America") and Adidas AG ("Adidas AG") and Counterclaim-Plaintiff Adidas International Marketing B.V.'s ("Adidas International")[1] motion for summary judgment as to Plaintiff's defamation counterclaims (the

---

[1] The Court refers to Defendants-Counterclaim Plaintiffs Adidas America and Adidas AG and Counterclaim-Plaintiff Adidas International collectively as "Adidas" and refers to Plaintiff and Counterclaim Defendants LPD New York, LLC, and Fainlight as "LPD."

"August 2024 Decision").² (Aug. 2024 Decision, Docket Entry No. 279.) On September 10, 2024, Adidas opposed the motion.³ At a pretrial conference held on October 15, 2024, the Court heard arguments from the parties.

For the reasons set forth below, the Court grants LPD's motion for partial reconsideration and, on reconsideration, denies Adidas' motion for summary judgment.

## I. Background

The Court assumes familiarity with the extensive factual and procedural background of the case as detailed in the Court's September 24, 2022 Memorandum and Order deciding Adidas' motion for partial summary judgment (the "September 2022 Decision"), (*see* Sept. 2022 Decision 2–16, Docket Entry No. 247), and the August 2024 Decision, and provides below a summary of relevant history pertinent to LPD's instant motion.⁴

In its Amended Answer to Adidas' Counterclaims, Plaintiff asserted a defamation counterclaim based on cease-and-desist letters⁵ that Adidas America sent to two of Plaintiff's

---

² (Mot. for Partial Reconsideration ("LPD Mot."), Docket Entry No. 280; Mem. in Supp. of LPD Mot. ("LPD Mem."), Docket Entry No. 280-1; Decl. of Nathan T. Williams in Supp. of LPD Mot. ("Williams Decl."), Docket Entry No. 280-2; LPD Reply in Supp. of LPD Mot., Docket Entry No. 283.)

³ (Adidas Mem. in Opp'n to LPD Mot. ("Adidas Opp'n"), Docket Entry No. 282.)

⁴ (*See* Adidas' Stmt. of Undisputed Facts Pursuant to Local Rule 56.1 ("Adidas' 56.1"), Docket Entry No. 216; Pl.'s Revised Resp. to Defs.' 56.1 ("Pl.'s 56.1 Resp."), Docket Entry No. 220; Pl.'s Rule 56.1 Counter Stmt. of Material Facts ("Pl.'s 56.1"), Docket Entry No. 221; Adidas' Resp. to Pl.'s 56.1 ("Adidas' 56.1 Resp."), Docket Entry No. 226.)

⁵ (*See* Aug. 29, 2018 Letter to Eminent, Inc. ("Eminent Letter"), annexed to Decl. of Robert N. Potter ("Potter Decl.") as Ex. 49, Docket Entry No. 217-49; Aug. 29, 2018 Letter to De Facto, Inc. ("De Facto Letter"), annexed to Potter Decl. as Ex. 43, Docket Entry No. 217-43.)

2

customers, Eminent, Inc. and De Facto Inc. (the "August 2018 Letters"),[6] (Pl.'s 56.1 Resp. ¶¶ 350, 353; Adidas' 56.1 Resp. ¶ 349). (Pl.'s Am. Ans. 37–38, 54, Docket Entry No. 152.) The August 2018 Letter to Eminent stated that it was "advertising, marketing, promoting, offering for sale, or selling [Plaintiff] products bearing [Adidas America's] Marks" which were "not authorized by [Adidas America]." (Pl.'s 56.1 Resp. ¶¶ 350; Eminent Letter 3–4.) The August 2018 Letter to De Facto stated that it was "advertising, marketing, and promoting [Plaintiff] products bearing [Adidas America's] Marks . . . that were "not authorized by [Adidas America]." (Pl.'s 56.1 Resp. ¶ 353; De Facto Letter 3–4.) The August 2018 Letters also stated that Eminent and De Facto were "engaging in trademark infringement, dilution, counterfeiting, and unfair competition under federal and state law" and demanded that they "cease and desist from all use of any mark or designation that is likely to be confused with any of the [Adidas America] Marks." (Eminent Letter 4–5; De Facto Letter 4.)

In the August 2024 Decision, the Court granted Adidas' motion as to the August 2018 Letters. (Aug. 2024 Decision 16.) The Court concluded that Defendants' statements that the products identified in the letters were "not authorized" were substantially true because any implied license that Plaintiff had to use Defendants' trademarks ended on May 1, 2015, and therefore, at the time of the August 2018 Letters, Plaintiff no longer had authorization to use Defendants' trademarks. (*Id.* at 10–11.) The Court rejected Plaintiff's argument that the statements were false since it was entitled to sell off any remaining stock that had been produced prior to May 1, 2015, because it would require "the Court to infer that the products being marketed and sold by Eminent

---

[6] Plaintiff also asserted a defamation counterclaim as to emailed and oral statements made by Paul Jackiewicz, an employee of Adidas' advertising department, to third parties. (Pl.'s Am. Ans. 36–37, 54.) The Court denied Adidas' motion for summary judgment as to Jackiewicz's statements and granted the motion as to punitive damages arising out of Jackiewicz's statements. (August 2024 Decision 9–10, 13–16.).

3

and De Facto in August of 2018 were produced by [LPD] prior to the . . . termination of any implied license." (*Id.* at 11.)  The Court declined to draw that inference in LPD's favor because it was "undisputed that Plaintiff continued to use Defendants' Marks after its license expired," and LPD had not pointed "to any evidence in the record that the products referenced in the August 2018 Letters were created before any implied license expired." (*Id.* (quoting Sept. 2022 Decision 55).) The Court concluded that "Plaintiff has therefore failed to create a genuine dispute of fact as to whether Defendants' statement that the products were 'not authorized' was substantially true." (*Id.*)

LPD now seeks reconsideration of the Court's August 2024 Decision regarding the August 2018 Letters.

## II. Discussion

### a. Standard of review

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also* S.D.N.Y. & E.D.N.Y. Local Civ. R. 6.3 (providing that the moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the [c]ourt has overlooked"). "Controlling decisions include decisions from the United States Court of Appeals for the Second Circuit; they do not include decisions from other circuits or district courts . . . ." *Cobalt Multifamily Invs. I, LLC v. Shapiro*, No. 06-CV-6468, 2009 WL 4408207, at *2 (S.D.N.Y. Dec. 1, 2009) (quoting *Langsam v. Vallarta Gardens*, No. 08-CV-2222, 2009 WL 2252612, at *2 (S.D.N.Y. July 28, 2009)); *see also Tenemille v. Town of Ramapo*, No. 18-CV-724, 2022 WL 2047819, at *5 (S.D.N.Y. June 7, 2022) (quoting same).  In addition to considering any evidence or controlling cases the court

4

overlooked, the court should also consider whether there has been "an intervening change of controlling law." *Ethridge v. Bell*, 49 F.4th 674, 688 (2d Cir. 2022) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)); *Johnson v. Mount Sinai Hosp. Grp., Inc.*, No. 22-CV-2936, 2023 WL 3159233, at *1 (E.D.N.Y. Apr. 28, 2023) (quoting same).

It is thus well-settled that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking [another] bite at the apple." *U.S. for Use & Benefit of Five Star Elec. Corp. v. Liberty Mut. Ins. Co.*, 758 F. App'x 97, 101 (2d Cir. 2018) (alteration in original) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended*, (July 13, 2012)). "A motion for reconsideration is not an opportunity for a [party] to 'relitigate an issue already decided' or present arguments that could have been made before the judgment was entered." *Ethridge*, 49 F.4th at 688 (quoting *Shrader*, 70 F.3d at 257); *see also Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242, 248 (E.D.N.Y. 2016) ("A motion for reconsideration is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made.'" (quoting *Simon v. Smith & Nephew, Inc.*, 18 F. Supp. 3d 423, 425 (S.D.N.Y. 2014))), *aff'd*, 663 F. App'x 71 (2d Cir. 2016).

### b. Reconsideration is warranted in the interest of justice.

At oral argument, the Court reserved decision on whether it should reconsider its decision based on Fainlight's deposition testimony that Plaintiff manufactured the products referenced in the August 2018 Letters before May 1, 2015.[7] (Oral Argument Tr. 25:13–30:8.) In response to the

---

[7] At oral argument, the Court denied LPD's motion for reconsideration based on its arguments that the Court overlooked evidence in the parties' summary judgment filings establishing that Plaintiff manufactured the products referenced in the August 2018 Letters before

5

question "when was the production complete of the products and so-called collaboration capsule?" Fainlight responded that "actual production of the . . . collaboration capsule pieces didn't finish until spring of 2015 in or around March." (LPD Mem. 11 (emphasis omitted) (quoting Fainlight Dep. 244:13–25).) He also testified that Plaintiff produced "about 3,000 pieces total" for the collaboration capsule and that "[a]ll of those units would have been sold during the initial buying showcase." (*Id.* at 11–12 (emphasis omitted) (quoting Fainlight Dep. 370:23–371:21).) As the Court discussed with the parties, this testimony constitutes evidence that Plaintiff manufactured all collaboration pieces before the termination of the implied license on May 1, 2015. (Oral Argument Tr. 25:9–27:9.) Based on this evidence, a reasonable jury could find that Plaintiff produced the products on Eminent and De Facto's websites before May 1, 2015.

As Plaintiff acknowledged, the Court did not overlook Fainlight's testimony since the transcript excerpts that LPD now cites "were not expressly quoted in [Plaintiff's] filings." (LPD Mem. 13.) As a result, Fainlight's deposition testimony was not properly before the Court at summary judgment, and the Court need not review it on reconsideration. *Charter Oak Fire Ins. Co. v. Tri-Cnty. Fire & Safety Equip. Co.*, 636 F. Supp. 2d 193, 197 (E.D.N.Y. 2009) ("[I]t is only those portions of the record submitted in connection with a motion to which the court's attention is specifically directed, that the court is obligated to consider in determining whether a material issue of fact exists."); *see Heras v. Metro. Learning Inst., Inc.*, No. 19-CV-2694, 2023

---

May 1, 2015. (*See* Transcript of Pretrial Conference held October 15, 2024 ("Oral Argument Tr.") 16:19–25:13.) Plaintiff asserted that the Court overlooked "agreed facts" in the Rule 56.1 Statements in which "the parties acknowledged that [Plaintiff] manufactured the . . . collaboration merchandise on a made-to-order basis to fulfill sales orders placed by [Plaintiff's] retail customers, like Eminent, well before [May 1, 2015] such that said merchandise was manufactured before that date." (LPD Mem. 10; *see* Oral Argument Tr. 16:19–17:18, 19:11-22.) The Court denied LPD's motion because, while the statements established that Plaintiff filled orders it received in 2014, they did not address whether Plaintiff manufactured all products before the expiration of its implied license. (*See* Oral Argument Tr. 19:23–25:13.)

6

WL 5810784, at *7 n.14 (E.D.N.Y. Aug. 18, 2023) (same); *Rhee-Karn v. Lask*, No. 15-CV-9946, 2020 WL 1435646, at *1 (S.D.N.Y. Mar. 24, 2020) (denying reconsideration of evidence that the nonmoving party failed to cite in opposition brief or Rule 56.1 counterstatement).

LPD acknowledged this oversight but asks the Court "in the interest of justice" to consider Fainlight's deposition testimony. (Oral Argument Tr. 27:13-17.) LPD argued that "the truth of the matter should control the outcome of the case" and "respectfully submitted" that the "failure of counsel" to present Fainlight's deposition excerpts to the Court at summary judgment "should not be visited on an innocent client." (Oral Argument Tr. 27:13–28:14.) Adidas urged the Court to deny LPD's request "because Adidas would suffer" and noted that "LPD's counsel has been given a lot of chances in this case" to Adidas' detriment. (Oral Argument Tr. 28:21-23, 29:12-14.) Adidas also argued that under Local Civil Rule 6.3 "the Court is supposed to be directed to factual matters that the Court overlooked" and since "[that is] not what happened here . . . the Court would have to step out of that rubric to grant LPD some relief and here on the eve of trial [it is] not appropriate and [it is] prejudicial to Adidas." (Oral Argument Tr. 28:25–29:6.) Further, Adidas argued that reconsideration is inappropriate because Fainlight's testimony "[would not] save the day for LPD" as there are "just a lot more legal issues . . . not really factual disputes for the jury to decide." (Oral Argument Tr. 29:15–30:1.)

Reconsideration may be granted to "prevent manifest injustice."[8] *Cho v. Blackberry Ltd.*,

---

[8] Rule 6.3 is the local rule governing motions for reconsideration, but such motions may also be brought under Federal Rules of Civil Procedure 59(e), which addresses altering or amending a judgment, and 60(b), which provides for relief from a final judgment. *See Liu v. Cuomo*, No. 22-CV-5384, 2023 WL 5436133, at *1 n.1 (E.D.N.Y. Aug. 22, 2023) ("Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure . . . and [Local Civil Rule 6.3]."); *Barker v. Rokosz*, No. 19-CV-514, 2024 WL 3904871, at *1 (E.D.N.Y. Aug. 22, 2024) ("Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3."). "The standards for motion for reconsideration

991 F.3d 155, 170 (2d Cir. 2021) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc.* v. *YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013)); *see Calderon v. Breadberry Inc.*, No. 22-CV-1601, 2023 WL 3819375, at *5 (E.D.N.Y. June 5, 2023) ("[A] motion for reconsideration should be granted only when the moving party identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" (citation omitted)).  At least one court has applied "manifest injustice" to review on reconsideration evidence that was not properly before the court previously because doing so "[was] in the interest of justice." *Lisowski v. Reinauer Transp. Co., Inc.*, No. 03-CV-5396, 2009 WL 763602, at *3 (E.D.N.Y. Mar. 23, 2009).

LPD has apprised the Court of evidence that could support an inference material to Plaintiff's defamation counterclaim and, if considered, "might reasonably be expected to alter the conclusion reached by the [C]ourt." *Van Buskirk*, 935 F.3d at 54.  Therefore, in the interest of justice, the Court will consider Fainlight's deposition testimony that all production of the collaboration merchandise was completed before May 1, 2015.  *See Lisowski*, 2009 WL 763602, at *3 (finding no error in the court not considering at summary judgment deposition testimony

---

under Local Rule 6.3 and altering or amending a judgment under Rule 59(e) . . . are 'identical.'" *Wilder v. Hoiland*, No. 22-CV-1254, 2024 WL 1795410, at *1 (S.D.N.Y. Apr. 24, 2024) (quoting *Burke v. Acosta*, No. 07-CV-9933, 2009 WL 10696111, at *1 (S.D.N.Y. Apr. 23, 2009), *affirmed sub nom.* 377 F. App'x 52 (2d Cir. 2010)).  "A court may grant a Rule 59(e) motion only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (alteration in original) (internal quotation marks omitted).  Thus, while Rule 6.3 mentions only "matters or controlling decisions which counsel believes the court has overlooked" as bases for reconsideration, *see* S.D.N.Y. & E.D.N.Y. Local Civ. R. 6.3, reconsideration may also be justified based on manifest injustice.  *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) ("[A] party may move for reconsideration and obtain relief only when the [party] identifies . . . the need to correct a clear error or prevent manifest injustice." (alteration in original) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc.* v. *YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013))).

8

that plaintiff failed to cite in his opposition papers but granting reconsideration "in the interest of justice" because the testimony "would change the outcome" of the court's prior decision granting summary judgment to defendant).

Accordingly, the Court grants LPD's motion for partial reconsideration.

### c. Plaintiff's defamation counterclaim as to the August 2018 Letters may proceed to trial.

As the Court noted in the August 2024 Decision, "truth is a complete defense to a defamation claim," *Cicel (Beijing) Sci. & Tech. Co. v. Misonix, Inc.*, No. 22-1834, 2024 WL 959619, at *4 (2d Cir. Mar. 6, 2024) (alteration in original) (quoting *Birkenfeld v. UBS AG*, 100 N.Y.S.3d 23, 24 (App. Div. 2019)), and "statements that are substantially true cannot be defamatory." *Crowley v. Billboard Mag.*, 576 F. Supp. 3d 132, 148 (S.D.N.Y. 2021); *Reus v. ETC Hous. Corp.*, 164 N.Y.S.3d 692, 697 (App. Div. 2022) ("A defamation action is subject to an absolute defense that the alleged defamatory statements are substantially true." (quoting *Proskin v. Hearst Corp.*, 787 N.Y.S.2d 506, 507 (2005))).  (Aug. 2024 Decision 8.)

The Court concluded in its August 2024 decision that Defendants' statements in the August 2018 Letters "characterizing certain products as 'not authorized'" were substantially true because "at the time of Defendants' August 2018 Letters, Plaintiff no longer had Defendants' authorization to use their trademarks."  (Aug. 2024 Decision 11 (citing Sept 2022 Decision 55).)  Plaintiff argued that "the implication that its products were not authorized is false because Eminent and De Facto were entitled to sell off any remaining stock they purchased from Plaintiff that was part of the alleged Collaboration."  (Aug. 2024 Decision 11.)

Plaintiff has now presented Fainlight's testimony regarding the production of the products that were part of the alleged Collaboration.  In response to the question "when was the production complete of the products and so-called collaboration capsule?", Fainlight testified

9

that "actual production of the . . . collaboration capsule pieces didn't finish until spring of 2015 in or around March."  (LPD Mem. at 11 (emphasis omitted) (quoting Fainlight Dep. 244:13–25)).  He also testified that Plaintiff produced "about 3,000 pieces total" for the collaboration capsule and that "[a]ll of those units would have been sold during the initial buying showcase." (*Id.* at 12 (emphasis omitted) (quoting Fainlight Dep. 370:23–371:21).)  Fainlight's testimony provides a basis for a reasonable jury to infer that Plaintiff manufactured all products associated with the alleged Collaboration before the end of the implied license and thus was authorized to sell the products at issue in the August 2018 Letters.  Therefore, Plaintiff has created a genuine dispute of material fact as to whether Defendants' statements that the products were "not authorized" were substantially true.

Accordingly, on reconsideration, the Court denies Adidas' motion for summary judgment as to Plaintiff's defamation counterclaim for statements contained within the August 2018 Letters.

### III. Conclusion

For the foregoing reasons, the Court grants LPD's motion for partial reconsideration and, on reconsideration, denies Adidas' motion for summary judgment as to Plaintiff's defamation counterclaim for statements contained within the August 2018 Letters.

Dated: October 19, 2024
      Brooklyn, New York

SO ORDERED:

/s/MKB
MARGO K. BRODIE
United States District Judge